UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| PIERRE T. CUNNINGHAM, | ) | CASE NO. 3:07 CV 2937 |
| | ) | |
| Plaintiff, | ) | CHIEF JUDGE JAMES G. CARR |
| | ) | |
| v. | ) | |
| | ) | <u>OPINION AND ORDER</u> |
| LUCAS COUNTY | ) | |
| SHERIFF'S DEPARTMENT, | ) | |
| | ) | |
| Defendant. | ) | |

On September 26, 2007, <u>pro se</u> plaintiff Pierre T. Cunningham filed the above-captioned action under 42 U.S.C. § 1983 against the Lucas County Sheriff's Department. In the complaint, plaintiff alleges he fell down the stairs while in the custody of the defendant. He seeks $ 5,000,000.00 in damages.

**Background**

Mr. Cunningham indicates that he fell down a flight of stairs in the Lucas County Courthouse while being transported back to the Lucas County Jail after his arraignment. He states that he was weak from chemotherapy treatments had been receiving for cancer and asked a Lucas County Staff member for assistance to walk. No additional support was provided to him. After the arraignment, he lost consciousness and fell down the stairs. He was rushed to St. Vincent's

Hospital where he was diagnosed with injuries to his hand, neck, back, shoulder head and knee.

## Analysis

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996).

As a rule, local government entities may not be sued under 42 U.S.C. § 1983 for an injury inflicted solely by employees or agents under a respondeat superior theory of liability. See Monell v. Department of Soc. Servs., 436 U.S. 658, 691(1978). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Id. at 694. A local government entity can therefore be held liable when it unconstitutionally "implements or executes a policy statement, ordinance, regulation, or decision officially adopted by that body's officers." Id. at 690; DePiero v. City of Macedonia, 180 F.3d 770, 786 (6th Cir. 1999). The complaint contains no suggestion of a custom or policy of the Lucas County Sheriff's Department which may have resulted in the deprivation of a federally protected right of the plaintiff.

---

[1] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

## Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The court certifies pursuant to 28 U.S.C. §1915(a)(3) that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

S/ JAMES G. CARR
CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[2] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| PIERRE T. CUNNINGHAM, | ) | CASE NO. 3:07 CV 2937 |
| | ) | |
| Plaintiff, | ) | CHIEF JUDGE JAMES G. CARR |
| | ) | |
| v. | ) | |
| | ) | JUDGMENT ENTRY |
| LUCAS COUNTY | ) | |
| SHERIFF'S DEPARTMENT, | ) | |
| | ) | |
| Defendant. | ) | |

This court having contemporaneously filed its Memorandum of Opinion in this case, it is therefore ORDERED that this action is dismissed pursuant to 28 U.S.C. § 1915(e). Further, the court CERTIFIES pursuant to 28 U.S.C. §1915(a)(3) that an appeal from this decision could not be taken in good faith.

　　　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　JAMES G. CARR
　　　　　　　　　　　　　　　　　　　　　　　　　　　CHIEF JUDGE
　　　　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT